IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ALONZO SHELTON,  :
    Petitioner  :
  :
v.  :   No. 1:19-cv-00607-MSM-PAS
  :
PATRICIA COYNE-FAGUE, et al  :
    Respondents  :

MEMORANDUM AND ORDER

The petitioner is a state prisoner who has brought this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, seeking his release from confinement. He challenges his convictions in state court of a variety of offenses arising from the murder by shooting of Jessica Imran and the assault with a dangerous weapon of Julia Lang.[1] The state obtained the convictions on the theory that when Ms. Lang and the petitioner were arrested after a traffic stop, cocaine found in Ms. Lang's purse was hidden there by the petitioner. The state alleged that Ms. Lang was shot by the petitioner's nephew, Barry Offley, in a joint venture with Mr. Shelton to preclude her

---

[1] There were ten counts in the Indictment. In the aggregate, Mr. Shelton was sentenced to life imprisonment for the murder of Ms. Inram and again for the attempted murder of Ms. Lang, consecutive to each other, consecutive to a seventeen-year sentence for violating the term of his probation imposed in an unrelated case, and consecutive to a twenty-five year non-parolable term as a habitual offender. *State v. Shelton*, 990 A.2d 191, 197 (R.I. 2010).

from giving testimony incriminating the petitioner as the owner of the cocaine and thus precipitating his return to prison as a probation violator.

Mr. Shelton appealed his conviction to the Rhode Island Supreme Court, which denied relief, and subsequently brought an unsuccessful action for post-conviction relief (PCR) in the state trial court. His petition for certiorari to the Rhode Island Supreme Court to review the denial of the PCR was denied.

Claims

Mr. Shelton makes four claims for relief from the state court judgment. First, he maintains that, in contravention of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the state failed to disclose the exculpatory information that – contrary to her later assertion – Ms. Lang did not protest at her arraignment on drug charges that the cocaine belonged in fact to Mr. Shelton. Second, he claims that a search of an apartment belonging to his then-girlfriend was unlawful because her consent was not voluntary. Third, he claims that his trial attorney was ineffective because, *inter alia*, he inadvertently released to the jury the information that the length of the suspended term Mr. Shelton was in jeopardy of being sentenced to was seventeen years, in violation of a pre-trial agreement not to disclose the specific amount of time that had been suspended. And fourth, he claims that the attorney who represented him in the PCR proceedings in state court was ineffective.

The respondents have moved to dismiss the Petition and, for the reasons set forth below, I GRANT that motion and order the Petition dismissed.

Standard

In order to prevail in federal court a state prisoner bringing a §2254 action must demonstrate several things. As to each claim he makes for relief, he must demonstrate: a) that he exhausted all available state court remedies before turning to the federal court; b) that the claim presents a *prima* facie case of relief under the laws or constitution of the United States; and (c) that the state court, in adjudicating against him on the claim rendered a decision that was contrary to, or constituted an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(b)(1) and (d). In this case, the petitioner's claims fail to make that demonstration.

Disposition

1. With respect to the claim that the state failed to disclose that Ms. Lang did not accuse Mr. Shelton at her arraignment, it appears uncontroverted that Mr. Shelton's trial attorney had himself obtained a copy of the arraignment transcript before he undertook cross-examination of Ms. Lang and used it in that cross-examination. Thus, even if there were a violation of the obligation to disclose, there can be no claim of prejudice, which is necessary for relief because of a *Brady* violation. *Brady,* 373 U.S. at 88.

2. With respect to the allegedly non-consensual search, claims based on the Fourth Amendment to the United States Constitution do not warrant § 2254 relief unless the petitioner can show he was denied a full and fair opportunity to litigate the claim in the state court. *Stone v. Powell*, 428 U.S. 465, 482 (1976); *Sanna v. DiPaolo,* 265 F.3d 1, 8-9 (1st Cir. 2001) (where petitioner litigated his Fourth

Amendment claim in state court, he had a full and fair opportunity, and federal court would not second-guess state court's factual findings or conclusion relative to consent). Mr. Shelton had a two-day suppression hearing prior to trial and both the trial court and the appellate court addressed the merits of his claim. He has therefore made no showing of denial of the opportunity to litigate. Relief predicated on this claim is therefore unavailable.

    3. It is conceded that there was a pretrial agreement that the *length* of the suspended term hanging over Mr. Shelton's head at the time of the discovery of cocaine would not be introduced into evidence. It is also conceded that defense counsel inadvertently revealed it. However, as a matter of state law, the Rhode Island Supreme Court held that the evidence was relevant and admissible, and that there was minimal if any prejudice because of the limiting instruction given by the trial justice. Thus, while counsel's inadvertent disclosure was unfortunate, his failure to keep the information from the jury when it was admissible evidence is hardly the kind of deficient performance that falls below the Sixth Amendment effectiveness standard. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.,Ed.2d 674 (1984) (showing of ineffectiveness requires demonstration that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.") In any event, the state court's finding that there was no cognizable prejudice seems correct, and hardly an unreasonable application of federal law. 28 U.S.C. § 2254(d)(1). The jury would know in any event

that Mr. Shelton was facing a serious sanction for possessing drugs while on probation, whether the suspended sentence was seventeen years or one year.

    4. The state contends that the claim of below-par performance of Mr. Shelton's PCR attorney was not exhausted. The primary reason, however, that the claim cannot prevail here is that there is no jurisdiction, by statute, over a state prisoner's allegation that a collateral attack attorney's performance was substandard. Section 2254(i) simply precludes a federal court from entertaining an ineffectiveness claim predicated on representation in a state post-conviction proceeding ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

    I therefore GRANT the respondents' Motion to Dismiss and ORDER the petition dismissed.

IT IS SO ORDERED:

_____
Mary S. McElroy,
United States District Judge

August 4, 2020